

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID RICHARDS, H-10315, | )<br>) |
| Petitioner, | ) No. C 13-5212 CRB (PR)<br>) |
| vs. | ) ORDER TO SHOW CAUSE<br>) |
| RON E. BARNES, Warden, | ) (Docket #2 & 3)<br>) |
| Respondent. | )<br>) |

Petitioner, a state prisoner incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Santa Clara County Superior Court. He also seeks appointment of counsel and leave to proceed in forma pauperis under 28 U.S.C. § 1915.

## BACKGROUND

Petitioner pleaded guilty to second degree murder and attempted robbery and, on or about September 16, 1991, was sentenced to 20 years to life in state prison. He also was given a restitution fine of $10,000.

Petitioner did not appeal, but has collaterally challenged his conviction and sentence in the California courts for years. On November 18, 2012, the Supreme Court of California denied his last state habeas petition and the instant federal petition for a writ of habeas corpus followed.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Claims</u>

Petitioner seeks federal habeas corpus relief under § 2254 by raising three claims: (1) plea agreement was breached by the state; (2) guilty plea was product of ineffective assistance of counsel; and (3) restitution fine is invalid because it was not part of the plea agreement. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

C. <u>Motion for Appointment of Counsel</u>

Petitioner's motion for appointment of counsel (docket #3) is DENIED without prejudice. See <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner adequately presented his claims for relief in the petition. Accord <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying

2

memorandum). The court will appoint counsel on its own motion if an evidentiary hearing is later required. See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis (docket #2) is GRANTED.

2. The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve

1 | and file a reply to an opposition not more than 14 days after the opposition is
2 | served and filed.
3 |       5.      Petitioner is reminded that all communications with the court must
4 | be served on respondent by mailing a true copy of the document to respondent's
5 | counsel.  Petitioner must also keep the court and all parties informed of any
6 | change of address.
7 | SO ORDERED.
8 | DATED:  DEC 2 0 2013
                                                    _____
                                                    CHARLES R. BREYER
9 |                                                 United States District Judge

G:\PRO-SE\CRB\HC.13\Richards, J.13-5212.osc.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN D. RICHARDS,

    Plaintiff,

v.

BARNES et al,

    Defendant.
_____/

Case Number: CV13-05212 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 20, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John David Richards H-10315
Pelican Bay State Prison
SHU D9-123 Low
P.O. Box 7500
Crescent City, CA 95532

Dated: December 20, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk